UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LAWRENCE J. BENDER, JR.,

    Plaintiff,

vs.

DEPARTMENT OF
VETERAN'S AFFAIRS,

    Defendants.

Case No. 3:20-cv-441

District Judge Douglas R. Cole
Magistrate Judge Michael J. Newman

**ORDER GRANTING *PRO SE* PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DOC. 1)**

\*\*\*

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S *PRO SE* COMPLAINT (DOC. 1-1) BE DISMISSED WITHOUT PREJUDICE; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

    This civil case is before the Court for a *sua sponte* review -- pursuant to 28 U.S.C. § 1915(e)(2) -- of the complaint filed by *pro se* Plaintiff Lawrence J. Bender, Jr. ("Bender"). Initially, Bender moves to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, a motion the undersigned now **GRANTS**. Doc. 1. Because Bender is proceeding IFP, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is "frivolous or malicious or fails to state a claim upon which relief may be granted." *Johnson v. City of Wakefield*, 483 F. App'x 256, 260 (6th Cir. 2012); *Brewer v. Cleveland Mun. Sch. Dist.*, 84 F. App'x 570, 571 (6th Cir. 2003).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

In conducting this initial review under 28 U.S.C. § 1915, the Court liberally construes Bender's allegations to allege a claim of medical malpractice against the Department of Veterans Affairs ("VA") related to his ongoing cardiology treatment at the VA Hospital in Dayton, Ohio.[2] *See* doc. 1-1 at PageID 4-12. Malpractice claims against the VA -- such as the claims Bender alleges here -- must be asserted pursuant to the Federal Torts Claims Act ("FTCA").[3] *See Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994). "Courts applying the FTCA look to the substantive tort law of the state in which the cause of action arose to determine liability and damages." *Huddleston v. United States*, 485 F. App'x 744, 745 (6th Cir. 2012). Because Bender alleges treatment at the Dayton, Ohio VA facility, the undersigned will apply Ohio law. In doing so, the undersigned finds that Bender's claim against the VA must be dismissed.

Here, Bender's complaint is not accompanied by an affidavit of merit -- a requirement under Ohio Civ. R. 10(D)(2).[4] Although not addressed by the Sixth Circuit, the Southern District of Ohio has held that the affidavit of merit requirement set forth in Ohio Civ. R.

---

[2] While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

[3] A claim under the FTCA cannot be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his [or her] claim shall been finally denied by the agency in writing and sent by certified or registered mail." *Schappacher v. United States*, 475 F. Supp. 2d 749, 752-53 (S.D. Ohio 2007) (citing 28 U.S.C. § 2675(a); *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991)). Such a requirement is satisfied here. Doc. 1-1 at PageID 13-14.

[4] This Rule requires that "a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." Ohio Civ. R. 10(D)(2). Such an affidavit must be "provided by an expert witness[,]" and must certify that the expert: (1) "reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint"; (2) "is familiar with the applicable standard of care"; and (3) believes "that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff." *Id*.

10(D)(2) is a substantive state law applicable to FTCA claims brought in Ohio federal courts. *See Willis v. U.S., Dep't of Veteran's Affairs*, No. 2:12-CV-867, 2013 WL 3155785, at *3 (S.D. Ohio June 20, 2013) (stating that "it is well-established that the affidavit requirement is substantive in nature, such that [a plaintiff's] claim under the FTCA must satisfy it"). Accordingly, Bender's malpractice claim against the VA must be dismissed without prejudice for failure to comply with Ohio's substantive affidavit of merit requirement. *See* Ohio Civ. R. 10(D)(2)(d) (stating that "dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits").

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that: (1) Bender's complaint be **DISMISSED WITHOUT PREJUDICE**; and (2) this case be **TERMINATED** on the Court's docket.

Date:  November 9, 2020                                s/Michael J. Newman
                                                             Michael J. Newman
                                                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).