UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LAWRENCE J. BENDER, JR.,

    Plaintiff,                             Case No. 3:20-cv-441

vs.

DEPARTMENT OF                        District Judge Michael J. Newman
VETERAN'S AFFAIRS,

    Defendant.

**ORDER (1) ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (DOC. NO. 2); (2) OVERRULING *PRO SE* PLAINTIFF'S OBJECTIONS TO THAT R&R (DOC. NOS. 5, 8) (OR, ALTERNATIVELY, CONSTRUING THOSE OBJECTIONS AS A MOTION TO RECONSIDER THE R&R, AND DENYING SAME); (3) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT (DOC. 1); AND (4) TERMINATING THIS CASE ON THE DOCKET.**

At the start of this *pro se* civil case, the undersigned was assigned as the United States Magistrate Judge. In that role, the undersigned conducted a *sua sponte* review of Plaintiff's complaint and issued a Report and Recommendation ("R&R"), concluding that dismissal without prejudice of the *pro se* complaint was warranted. Doc. No. 2. *See* 28 U.S.C. § 1915; *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999).

Not long thereafter, the undersigned was appointed to be a United States District Judge for the Southern District of Ohio. This case was then reassigned to the undersigned in his capacity as United States District Judge.

The case is presently before the Court upon Plaintiff's two objections to the Report and Recommendation (doc. nos. 5, 8).

Both 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b) require this Court to conduct a *de novo* review of the Report and Recommendation and all filings in this matter, including Plaintiff's

objections. The Court alternatively views Plaintiff's objections liberally in his favor to seek a reconsideration of the R&R.

At this early stage of the case, the factual allegations in *pro se* Plaintiff's complaint are accepted as true, and his complaint is liberally construed in his favor.[1] Upon a careful *de novo* review of that complaint, the *pro se* objections, and all filings of record, the Court determines that the previously issued R&R accurately describes the applicable law, properly applies that law to *pro se* Plaintiff's complaint, and correctly concludes that his medical malpractice claim against the Department of Veteran's Affairs must be dismissed without prejudice for failure to comply with Ohio's substantive affidavit-of-merit requirement. *See* Ohio Civ. R. 10(D)(2)(d) (stating that "dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits").

In his objections, *pro se* Plaintiff explains that he was not aware of the affidavit-of-merit filing requirement and therefore now submits for the Court's consideration affidavits from relatives and a friend. Doc. No. 5, PageID 33-38. He also submits and relies on a letter written by a longtime friend and former neighbor. *Id*. at 39. These documents contain factual evidence from lay witnesses rather than opinion evidence from medical experts. Ohio law requires a complaint asserting medical-malpractice claims -- like Plaintiff's -- to be supported by

> an affidavit of merit from an expert qualified under Ohio Rules of Evidence 601(D) and 702. The affidavit must state that the affiant (1) "has reviewed all medical records reasonably available," (2) "is familiar with the

---

[1] While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* parties must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is "not required to conjure up allegations not pleaded or guess at the nature of an argument." *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012). In other words, "while [a *pro se*] plaintiff is not required to recite chapter and verse of the statute upon which he relies, he must provide the court and the defendant with sufficient information about the basis for his claim to satisfy federal notice pleading requirements." *Hawkins v. Youngstown Mun. Court*, No. 4:12CV1029, 2012 WL 4050167, at *2 (N.D. Ohio Sept. 13, 2012).

applicable standard of care," and (3) is of the opinion that the defendants breached the standard of care and caused the plaintiff's injury.

*Willis v. Dep't of Veteran's Affairs*, No. 2-12cv867, 2013 WL 3155785, at *3 (S.D. Ohio, June 20, 2013) (quoting *Fletcher v. Univ. Hosps. of Cleveland,* 120 Ohio St.3d 167, 169 (2008)). Because *pro se* Plaintiff has not filed an affidavit that complies with this mandate -- either with his complaint or his objections -- his complaint must be dismissed. *See id*. (and cases cited therein).

Accordingly, the Court: (1) **ADOPTS** the R&R at issue (doc. no. 2); (2) **OVERRULES** Plaintiff's objections (doc. nos. 5, 8) (or, alternatively, to the extent the objections are construed as a motion for reconsideration, **DENIES** same); (3) **DISMISSES WITHOUT PREJUDICE** Plaintiff's *pro se* complaint; and (4) **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

March 22, 2021                                                  s/ Michael J. Newman
                                                                                   Hon. Michael J. Newman
                                                                                   United States District Judge